UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN R. FORREST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1283-JDT-egb |
| | ) | |
| JODY S. PICKENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CLAIMS,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On October 1, 2014, Plaintiff Justin R. Forrest ("Forrest") who was, at the time of filing the complaint, incarcerated at the Northeast Correctional Complex in Mountain City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). In an order issued October 16, 2014, Chief United States District Judge Thomas A. Varlan ordered the case transferred to the United States District Court for the Western District of Tennessee, granted leave to proceed *in forma pauperis*, and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) On December 19, 2014, Forrest notified the Clerk that he was no longer incarcerated and now resides in Jackson, Tennessee. (ECF No. 9.) The Clerk shall record the defendants as Jody S. Pickens, the prosecuting attorney at Forrest's criminal trial, and Susan D. Korsnes, Forrest's court-appointed public defender.

I. THE COMPLAINT

Forrest's filing alleges that his "Sixth Amendment right to effective counsel was violated, along with his Fourteenth Amendment right to due process under the Constitution." (Compl. 10, ECF No. 2.) The Court summarizes the allegations as follows. Forrest wanted to go to trial; however, he accepted a plea agreement because Defendant Korsnes, ". . . was unwilling to work against the prosecuting attorney." (*Id.*) Forrest contends that the plea agreement allowed him to serve concurrent sentences for the state and federal charges; however, he is, instead, being forced to serve consecutive sentences. (*Id.* at 11.) The complaint further states that Defendant Pickens misled Forrest into signing the plea agreement and allowed him to believe the sentences would be concurrent rather than consecutive. (*Id.* at 11-12.) Forrest alleges that Defendant Korsnes failed in her duty to investigate the plea agreement before encouraging Forrest to sign the plea. (*Id.* at 14.) Forrest concludes that Defendants worked together against his interests. (*Id.* at 15.) Forrest requests $3.5 million from each Defendant as compensatory and punitive damages. (*Id.* at 24.)

## II. ANALYSIS

A.  Screening and Standard

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Forrest filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. (ECF No. 2.) Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

B.  Defendant Korsnes, Public Defender

Forrest has no claim against his public defender, Defendant Korsnes. Courts have uniformly held that attorneys are not state actors who can be sued under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under 1983."); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorney who is appointed by the court does not act under color of state law); *Haley v. Walker*, 751 F. 2d 284, 285 (8th Cir. 1984) (per curiam) (attorney appointed by federal court is not a federal officer who can be sued under *Bivens*).

C.  Defendant Pickens, Assistant District Attorney

Defendant Pickens has absolutely immunity from any monetary liability. Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections

of absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976); *Burns v. Reed*, 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed.2d 547 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615, 125 L. Ed.2d 209 (1993). Absolute immunity also applies to professional evaluation of evidence assembled by the police. *Buckley*, 509 U.S. at 273, 113 S. Ct. at 2651.

### III. STANDARD FOR LEAVE TO AMEND

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

### IV. APPEAL ISSUES

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Forrest in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

## V. CONCLUSION

The Court DISMISSES Forrest's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED because the deficiencies in Forrest's complaint cannot be cured. It is also CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Forrest would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED pursuant to 28 U.S.C. § 1915(g).

The Court must also address the assessment of the $505 appellate filing fee if Forrest nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Forrest is instructed that if he wishes to take advantage of the installment procedures for paying the

appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Forrest, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[1] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.


IT IS SO ORDERED.

                                                    **s/James D. Todd**
                                                    JAMES D. TODD
                                                    UNITED STATES DISTRICT JUDGE

---

[1] *See Forrest v. Ray, et al.*, No. 10-cv-00495-TAV-ccs (E.D. Tenn.), which was dismissed for failure to state a claim on January 4, 2011.